**Petr TORCIK, Plaintiff, Pro Se–Appellant,**

**v.**

**The CHASE MANHATTAN BANK, INC., Defendant–Appellee,**

**Does 1–10, Defendants.**

No. 05–5144.

United States Court of Appeals,
Second Circuit.

Dec. 7, 2006.

Petr Torcik, Jersey City, N.J., for Plaintiff–Appellant.

Dara L. Rosenbaum, Quirk and Bakalor, P.C., New York, NY, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant pro se Petr Torcik appeals from a September 7, 2005, judg-

ment of the United States District Court for the Eastern District of New York (Block, J.) granting summary judgment to defendant. We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

Torcik brought suit against Chase Manhattan Bank ("Chase"), asserting claims of negligence and tortious interference with contract. In March, 1999, Vladamir Stepanik entered into a contract with CityNet, Ltd. ("CityNet"), a Czech Corporation. Torcik was possibly a third party beneficiary of this contract. In November, 1999, Torcik gave his social security number to an employee of Chase. That employee, in calling a third party verification service, misread the social security number Torcik supplied. When the verification service noted the number did not "match," the Chase employee added a notation to Torcik's account, flagging him as a "fraud suspect." As a result of this notation, Torcik claims, CityNet cancelled the contract with Stepanik.

We review a district court's grant of summary judgment de novo, in the light most favorable to the nonmoving party. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999).

■ Torcik's negligence claim fails. To sustain a claim for negligence, a plaintiff must show, inter alia, proximate causation, a component of which demands that "the negligence was a substantial foreseeable factor" in precipitating his injury. *Johnson v. Bryco Arms*, 304 F.Supp.2d 383, 395 (E.D.N.Y.2004). In this case, Chase did not know of Stepanik's contract, and thus could not have foreseen the harm caused by its breach.

■ As an alternative, Torcik assays a theory of res ipsa loquitur. This theory requires plaintiff at least to show breach was caused by an "instrumentality within the exclusive control of the defendant." *Stone v. Courtyard Management Corp.*, 353 F.3d 155, 157 (2d Cir.2003). But here, Torcik indicates the power to cancel the contract lied within a third party's—CityNet's—control. This fact precludes the success of a res ipsa theory.

■ Torcik fails to show interference with contractual relations. That tort consists of four elements, including "(2) defendant's knowledge [of a contract between plaintiff and a third party]" and "(3) defendant's intentional inducement of ... breach." *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94, 595 N.Y.S.2d 931, 612 N.E.2d 289 (1993). As noted, Chase did not know of the contract. Moreover, nothing indicates Chase had intent to cause the breach.

Finally, Torcik argues he did not receive notice regarding Chase's motion for summary judgment, as required by Local Rule 56. To the contrary, Chase served the requisite notice to four separate addresses and Torcik acknowledges he received the same.

We have considered each of Torcik's remaining claims, and conclude they are without merit, substantially for the reasons stated in the District Court's decision. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**